IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CONZUELLA TERRELL                                                        PETITIONER

v.                                    Civil No. 06-2020

JOHN MAPLES, Warden, McPherson Unit,
   Arkansas Department of Correction                                     RESPONDENT


**O R D E R**

Terrell is hereby ordered to file a reply to the State's response to petition for writ of habeas corpus, addressing in particular the State's assertion that Terrell's claims are barred by the one-year statute of limitations applicable to habeas petition and are also subject to dismissal under the doctrine of procedural default.

The facts in this case are that on December 20, 2002, the judgment and commitment order was entered. On January 15, 2003, Terrell filed a motion to withdraw plea. Because the circuit court did not enter an order denying the motion within 30 days, the motion to withdraw plea was deemed denied on February 14, 2003, pursuant to Ark. R. Crim. P. 33.3(c) and Ark. R. App. P. – Crim. 2(b)(1). Terrell had 30 days from the date the post-trial motions were denied to file a notice of appeal with the deadline falling on March 17, 2003. Thereafter, the trial lost jurisdiction. Terrell did not file a notice of appeal until October 7, 2003. In its opinion issued on February 9, 2005, the Arkansas Court of Appeals found that the notice of appeal was untimely filed. The court dismissed the appeal for lack of jurisdiction. This action was filed on February 7, 2006.

## STATUTE OF LIMITATIONS

The State contends that the petition should be dismissed because it was filed outside of the one-year limitation period of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d). The relevant portion of the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direction review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Based on the facts of the case, there are arguments for finding Terrell's petition untimely. Assuming Terrell's conviction became final on March 17, 2003 (the last day for filing a notice of appeal) for purposes of 28 U.S.C. § 2244(d)(1)(A), Terrell had until March 17, 2004, to file a habeas

corpus action in this court. Terrell did not file a petition in this court until February 7, 2006. The time period from March 17, 2003 to February 7, 2006 (when the Arkansas Court of Appeals issued its decision) does not serve to toll the statute of limitations because the appeal from denial of post-conviction relief was not "properly filed" as required by § 2244(d)(1)(2). *See Pace v. DiGuglielimo*, 544 U.S. ___, 125 S.Ct. 1807 (2005); *Wright v. Norris*, 299 F.3d 926 (8th Cir. 2002).

**Procedural Default**

Where a state court prisoner fails to follow applicable state procedural rules for having claims heard at the state level, the federal court will not consider the claims absent a showing of cause for the default and resulting prejudice. *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996). The prisoner must present his claims to the proper state court and take any appeal to the highest available appellate court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). *See Lowery v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994). The argument is that Terrell defaulted state remedies by failing to file a timely notice of appeal from the circuit judge's denial of the motion to withdraw plea. Because the judge did not rule on the motion within 30 days, it was deemed denied on February 14, 2003.

ACCORDING TO THE ABOVE, Terrell is hereby directed to file a reply to the State's response to petition for habeas corpus on or before May 26, 2006, addressing the issues of the statute of limitations and procedural default.

IT IS SO ORDERED this 24th day of May 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE