U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 07 2006
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CONZUELLA TERRELL          PETITIONER

v.          Civil No. 06-2020

JOHN MAPLES, Warden, McPherson Unit,
Arkansas Department of Correction          RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Conzuella Terrell, a petitioner in the Arkansas Department of Correction (ADC), filed a petition for habeas corpus relief under 28 U.S.C. § 2254, represented by retained counsel (Doc. #1). Respondent Maples responded that the petition is barred by the statute of limitations and/or the doctrine of procedural default, and Terrell filed a reply to address these matters (Docs. 4, 8). The parties also addressed the issue of equitable tolling in letter briefs. (*See* Atts. "A," "B," and "C").

DISCUSSION

Represented by retained attorney Daniel Shue, Terrell and two co-defendants, Mary Hiang and Marlon Bates, pled guilty in the Crawford County Circuit Court to a reduced charge of conspiracy to possess cocaine with intent to deliver. On December 20, 2002, the judgment and commitment order was entered sentencing each to 20 years in the ADC with 10 years suspended.

On January 15, 2003, Terrell and Hiang filed a post-trial motion in the circuit court to set aside their guilty pleas pursuant to Rule 33.3 of the Arkansas Rules of Criminal Procedure. They were represented by a new attorney. *See Robinson v. Norris*, 60 F.3d 457 (8th Cir. 1995), cert. denied, 517 U.S. 1115 (1996) (because post-trial motions represent a critical stage of the criminal

proceedings, defendants have a constitutional right to counsel). They claimed that Shue labored under a conflict of interest in representing all defendants and that they entered their guilty pleas under duress.

The circuit court heard arguments in the matter on April 2, 2003, and entered an order denying the motion on September 9, 2003. Terrell filed a notice of appeal on April 21, 2003, and an amended notice of appeal on October 7, 2003, to include the September 9, 2003, order.

In an opinion dated February 9, 2005, the Arkansas Court of Appeals held that Terrell failed to file a timely notice of appeal from denial of the Rule 33.3 motion. The court explained that Terrell's post-trial motion was deemed denied on the 30th day after it was filed since the circuit court failed to rule on it, as provided by Rule 33.3(c) and Ark. R. App. P. - Crim.2(b)(1). Thus, the deemed denial was on February 14, 2003, and the notice of appeal should have been filed on or before March 16, 2003. The court concluded it was without jurisdiction to consider the appeal. *Hiang v. State*, ___S.W.3d ___, 89 Ark App. 285 (2005) (Resp.'s Ex. B).

Terrell did not file a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Such a petition is to be filed within 90 days of judgment after a guilty plea if no appeal is taken or within 60 days of the appellant mandate. Ark. R. Crim. P. 37(2)(c).

Terrell filed the instant action on February 7, 2006. Terrell claims that Shue labored under a conflict of interest, thus violating her right to the effective assistance of counsel.

The State contends that the petition should be dismissed because it was filed outside of the one-year limitation period of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244 (d). The relevant portion of the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direction review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Terrell claims that her appeal was pending in the Arkansas Court of Appeals beginning on October 7, 2003, when the notice of appeal was filed and remained pending until February 9, 2005, when the court issued an order dismissing the appeal on procedural grounds. Terrell argues that her petition in this court filed on February 7, 2006, is timely because it was filed within one year of the date the judgment became final by the announcement of the appellate decision.

I disagree. Under (d)(1)(a) above, Terrell's conviction was final on March 16, 2003, when the time for filing an appeal from the Rule 33.3 post-trial motion expired. Because Terrell did not file a proper notice of appeal by the due date, the appellate court had no jurisdiction to consider the appeal. Therefore, the petition in this court was due on or before March 16, 2004. Terrell's petition was not filed until February 7, 2006, over two years later. Because Terrell did not file a post-conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure, (d)(1)(2) does not apply. Terrell's petition is thus untimely and subject to dismissal under the statute of limitations. Further, the parties agree that equitable tolling would not apply to this case.

CONCLUSION

Based on the above, I recommend that the instant petition be dismissed as barred by the statute of limitations.[1] **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The petitioner is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 7th day of July 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

1. "A petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Toney v. Gammon*, 79 F.3d 693, 696 (8th Cir. 1996) (citation omitted).